JOURNAL ENTRY AND OPINION
Defendant-appellant George Brown appeals from his jury conviction for murder. He argues his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. We reject these arguments and affirm his conviction.
Defendant was charged in the Cuyahoga County Common Pleas Court Juvenile Division with delinquency for conduct, which if committed by an adult, would constitute aggravated murder with a firearm. The matter was ultimately bound over to the Common Pleas Court General Division for trial as an adult. Defendant was indicted in Case No. CR-388273 for the murder of Robert Jordan, with an accompanying firearm specification.
A co-defendant Alfred Jones, Brown's cousin, was also charged with the same homicide in Case No. CR-385674. The two cases proceeded to a joint trial. Jones' conviction is the subject of a separate appeal in State v. Jones (Sept. 20, 2001), Cuyahoga App. No. 78545, unreported.
The prosecution presented testimony from sixteen witnesses; neither defendant presented any evidence. The victim drove his car into an alley, which action forced pedestrians to hurriedly clear out of the way. Andrew Winegarner responded by throwing a beer bottle through the rear window of the vehicle. The victim became upset. Several bystanders fled, believing the victim was retrieving a gun.
The record contains conflicting testimony concerning whether there was an exchange of gunfire and who participated in the shooting. Yusuf Calliens testified that Jones ran to get Brown, Jones' cousin. Brown returned with an object in his pocket which he believed to be a handgun. James Thomas, a friend whom the victim was visiting, testified that he observed Brown, also known as BooSheen, shoot the victim. The victim died from a single .25 caliber gunshot wound, which entered his back and pierced his heart, as he was climbing over a fence. No weapon was found on or near him.
Alex Winegarner testified that, five days after the shooting, Brown admitted that he shot the victim, but claimed that he did so in self-defense. Brown gave a written statement to the police. His statement claimed that he was with his girlfriend Loyce Harris at the time of the killing. Harris testified at trial that she was not with Brown at the time of the shooting.
The jury found Brown guilty of murder with the accompanying firearm specification. The trial court sentenced Brown to three years incarceration on the firearm specification followed by a consecutive fifteen years to life sentence on his murder conviction. Brown, represented by his trial counsel, appeals raising two assignments of error.
Defendant's first assignment of error follows:
 GIVEN THAT THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE GUILTY VERDICTS RETURNED HEREIN, IT FOLLOWS THE COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL FILED UNDER FAVOR OF RULE 29, RULES OF CRIMINAL PROCEDURE.
This assignment lacks merit.
Defendant's brief on appeal contains approximately one page of argument to support this assignment of error.[1] He asserts generally that his murder conviction is not supported by sufficient evidence. His statement of facts argues that there was conflicting evidence concerning who shot the victim, that the identification of him was unreliable, and that he proved the affirmative defense of self-defense. We find these arguments unpersuasive.
The Ohio Supreme Court has summarized the standard governing claims that a conviction is not supported by sufficient evidence, as follows:
 2. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)
State v. Jenks (1991), 61 Ohio St.3d 259, syllabus paragraph two (emphasis added). Defendant's arguments fail to view the evidence in the light most favorable to the prosecution.
When the evidence and inferences drawn therefrom are viewed in the light most favorable to the prosecution, however, the evidence is sufficient for a reasonable jury to find that defendant murdered Robert Jordan with a firearm. R.C. 2903.02 defines the crime of murder in pertinent part as follows:
 (A) No person shall purposely cause the death of another * * *.
James Thomas' identification of defendant (BooSheen) as the gunman who shot the victim, coupled with Alex Winegarner's testimony that defendant admitted the shooting, is sufficient, if believed, to allow a jury to find that defendant was the person who shot Robert Jordan. The victim was shot in the back with a firearm, a deadly weapon. One could reasonably infer defendant's purpose to cause the victim's death by his use of a deadly weapon. The fact that the victim was shot in the back while climbing over a fence, as he was running from defendant, bolsters this inference. Finally, the jury could also reasonably find defendant guilty of the accompanying firearm specification because the evidence, including the expended .25 caliber cartridge on the ground and slug removed by the coroner from the victim's body, revealed that he used a deadly weapon capable of expelling a projectile by action of an explosive propellant. R.C. 2923.11(B)(1).
Defendant's argument concerning the reliability of the evidence is misplaced. In State v. Murphy (2001), 91 Ohio St.3d 516, the Ohio Supreme Court recently rejected a similar argument, stating:
 Appellant argues that this evidence is unreliable, but on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, "if believed, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt." (Emphasis added.) Jenks, paragraph two of the syllabus.
Id. at 543. His concerns are directed to the weight of the evidence, to which we now turn.
Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error follows:
 THE VERDICT FINDING APPELLANT GUILTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW.
This assignment lacks merit.
Defendant's two-page argument in support of this assignment of error contends generally that his conviction is against the manifest weight of the evidence. He argues that Thomas's identification of him as the gunman was unreliable because it was not made until after proceedings in the juvenile court and that Robert Lovelace originally identified Andrew Winegarner as the gunman.
The Ohio Supreme Court has summarized the standard governing claims that a conviction is against the manifest weight of the evidence, as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387 (quoting State v. Martin(1983), 20 Ohio App.3d 172, 175, 20 Ohio B. Rep. 215, 219,485 N.E.2d 717, 720-721.)
We do not find that the jury clearly lost its way and created a manifest miscarriage of justice when the jury evaluated the evidence and found that defendant murdered Robert Jordan. Defendant made these same arguments to the jury, which rejected them by finding him guilty. Although defendant contends that Thomas did not identify him as the gunman until after prompted to by police during a juvenile court proceeding, he was unable to produce any such evidence, by transcript or otherwise, from the juvenile court proceeding. Moreover, the only statement produced indicates merely that the witness did not identify defendant by name on the evening of the shooting. Contrary to defendant's argument, Robert Lovelace never stated that he saw Andrew Winegarner (Boobie) shoot the victim. He said merely that he saw Andrew Winegarner chase the victim. The jury did not lose its way when it evaluated any conflicts in the evidence.
Defendant's conviction was not based solely on Thomas' identification. Yusuf Calliens also testified that he saw defendant with an object in his pocket that he believed was a handgun. Alex Winegarner, Andrew's brother, testified that defendant admitted several days after the incident that he shot the victim. The record also shows that defendant sought to establish a false alibi. Defendant gave a written statement to the police that he was with his girlfriend, Loyce Harris, at the time of the shooting, but she denied this at trial.
The jury could also properly find unpersuasive defendant's argument that he shot the victim in self-defense. Defendant was not at the scene when the victim drove into the alley. He could have avoided any confrontation with the victim by not responding to the scene with a handgun. Furthermore, the victim was shot in the back as he was climbing a fence headed away from defendant. Under the circumstances, the jury could properly conclude that defendant purposely caused the victim's death and failed to satisfy his burden of proving that he acted in self-defense.
Accordingly, defendant's second assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] The last paragraph argues the manifest weight of the evidence and will be addressed under the second assignment of error.